United States District Court
Southern District of Texas
FILED
APR 1 6 2003
Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,  Respondent-Plaintiff | § § § | |
| vs. | § § | CA B-02-221 |
| HIPOLITO VERA-OSORIO,  Petitioner-Defendant  ( CR B-00-396) | § § § § | |

### GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND MOTION IN OPPOSITION TO STAY PROCEEDINGS

I.

The Court ordered the Government to respond to Petitioner's, Hipolito Vera-Osorio' (hereinafter referred to as Vera) 28 U.S.C. §2255 motion filed on November 12, 2002, by April 16, 2003. The Government opposes Martinez' motion to stay the §2255 proceedings. The Government moves to dismiss Martinez' §2255 motion, and, in the alternative, moves for summary judgment.

II.

On September 12, 2000, Vera was charged by indictment in the Southern District of Texas, Brownsville Division, with illegal re-entry, in violation Title 8 U.S.C. §§1326(a) & (b). He pled guilty to the indictment on October 18, 2000, without a plea agreement, before the Honorable Magistrate Judge Felix Recio ( R. 14; PSR 3). The statutory maximum for the offense was twenty (20) years.

The probation department scored the instant offense at base offense level 8, with a sixteen-level Specific Offense increase by virtue of his prior aggravated

felony conviction and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. §3E1.1(a, b) for a total offense level score of twenty-one (PSR 21). His criminal history placed him in criminal history category II (PSR 43). Vera did not object to the PSR.

On January 30, 2001, at sentencing, the district court adopted the PSR as written, and sentenced Vera to forty-one (41) months imprisonment, to be followed by a three-year term of Supervised Release for the instant offense (R 22). He was also ordered to pay $100.00 in mandatory costs. The judgment was entered February 13, 2001 (R. 24).

Vera did not directly appeal. Vera filed the instant §2255 motion on November 12, 2002.

### III.

Vera's §2255 pleading is untimely. On April 24, 1996, a 1-year period of limitation was placed upon the filing of motions under § 2255. The 1-year period runs from the date the judgement of conviction becomes final. Limon's ability to file such motion expired on February 23, 2002 (one year plus the 10 days after his judgement was entered, with the expiration of the period for filing notice of appeal). Although compliance with the limitation period is not strictly jurisdictional, the court may only entertain late filed motions if the court determines the petitioner is eligible for "equitable tolling" of the one year

2

limitation period. However, in his motion to file his §2255 petition out of time, Vera fails to allege or justify his late filing.

Prior to the enactment of the AEDPA, prisoners in federal custody were able to file a § 2255 motion at any time other than when the "government has been prejudiced in its ability to respond to the motion by delay in its filing." See Rule 9(a), Rules Governing Section 2255 Proceedings For The United States District Courts (West 1994). Section 2255, in relevant part, now reads: A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255 (West Supp.1997) (emphasis added). The limitations clauses of §2255 and §2244 are

almost identical and are applied *in pari materia*. *United States v. Flores,* 135 F.3d 1000, 1003 (5th Cir. 1998).

    a.    <u>Newly Discovered Facts</u>

The "newly discovered facts" limitations period of 28 U.S.C. §2255 & §2244 (d)(1)(D) runs from the date petitioner is on notice of the facts which would support a claim, not from the date Vera becomes aware of the legal significance of the facts. *Hasan v. Galarza,* 254 F.3d 1150, 1154 (9th Cir. 2001). Here Vera acknowledges he was aware of the "facts" that his trial counsel "failed" to seek a reduction in sentence for the collateral consequences of his conviction, at the time of Vera's sentencing, at a time when Vera could have personally asserted such claim in his remarks to the district court.

    2.    <u>Equitable Tolling</u>

The petitioner must show "extraordinary circumstances" exist in order to toll the AEDPA's one year period of limitation. This new one year time limitation is presumptively subject to equitable tolling. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990) (holding that the doctrine of "equitable tolling" is presumptively applicable to suits against private defendants as well as suits against the United States); *United States v. Locke*, 471 U.S. 84, 94 n. 10, 105 S.Ct. 1785, 1792 n. 10, 85 L.Ed.2d 64 (1985) (holding that filing deadlines are generally subject to "equitable tolling"), *Dunlap*

*v. U.S.*, 250 F.3d 1001, 1004 (6th Cir. 2001)(equitable tolling applicable to claims under §2255), *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)(AEDPA limitation not jurisdictional bar, rather in the nature of a 'statute of limitations' subject to equitable tolling). However, the Fifth Circuit has held that equitable tolling of the AEDPA's time limitation should only be allowed when the relevant facts present sufficiently "rare and exceptional circumstances". *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant (here, the government) about the cause of action or is prevented in some extraordinary way from asserting his rights".... " A garden variety claim of excusable neglect does not support equitable tolling". *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *Armand v. Strack*, No. CV 98-6650, 1999 WL 167720 at *4 (E.D.N.Y. Feb. 19, 1999)(allegations petitioner received poor legal advice and insufficient legal library insufficient to justify equitable tolling), *Dimetry v. U.S. Army*, 637 F. Supp. 269, 271 (E.D. No. Car. 1985)(equitable tolling not appropriate where the failure to timely file was allegedly caused by the plaintiff's reliance on advice of counsel), *Nguyen v. Mervau*, No. C 98-2038, 1998 WL 556628 at *2 (N.D. Cal. Aug. 24, 1998)(petitioner's lack of fluency in English language and inability to find jailhouse lawyer to assist him are not extraordinary circumstances warranting equitable tolling). But See: *U.S. v. Patterson*, 211 F.3d 927, 932 (5th Cir. 2000)(petitioner misled by district court as to filing deadline represented "rare and extraordinary"

circumstances warranting equitable tolling), *Davidson v. U.S.*, 2000 WL 177656 (N.D.N.Y., November 28, 2000)(Same). Equitable tolling analysis should include whether petitioner actively pursued judicial remedies by filing defective instruments within the limitations period. *U.S. v. Beggerly*, 524 U.S. 38, 48, 118 S.Ct. 1862, 1868 (1998).

Vera has neither asserted nor demonstrated "rare and extraordinary circumstances" warranting equitable tolling. Before a request for an extension of time to file a § 2255 motion is granted, the district court must first be satisfied that "extraordinary circumstances" beyond a prisoner's control justify the equitable tolling of the AEDPA's clearly established period of limitation. *Alvarez-Machain v. U.S.*, 107 F.3d 696, 701(9th Cir. 1997). And district judges should only "authorize extensions when this high hurdle is surmounted." *Calderon v. U.S, Dist. Ct. Cent. Dist. Of Cal.*, 128 F.3d 1283, 1286 (9th Cir. 1997). In fact, because the clearly established purpose of the AEDPA's one year period of limitation is to "accelerate the federal habeas process, ... [e]quitable tolling will not be available in most cases." See *Id.*

Courts have held that when external forces, rather than plaintiff's lack of diligence, account for the failure of a complainant or movant to file a timely claim, equitable tolling of the statute of limitations is proper. *Seattle Audubon Society v. Robertson*, 931 F.2d 590, 595 (9th Cir.1991); see also *Forti v. Suarez-Mason*, 672 F.Supp. 1531, 1549-50 (N.D.Cal.1987). For example, when a plaintiff has been

unable to file a complaint with a court of competent jurisdiction due to the extraordinary conditions and circumstances of war, statute of limitations are equitably tolled. *Seattle Audubon Society*, 931 F.2d at 596 (citations omitted).

Additionally, as the above case law suggests, Vera's ignorance of the law and the unavailability of legal advice in prison do not justify the equitable tolling of §2255. *Nguyen v. Mervau*, No. C 98-2038, 1998 WL 556628 at *2 (N.D. Cal. Aug. 24, 1998)(petitioner's lack of fluency in English language and inability to find jailhouse lawyer to assist him are not extraordinary circumstances warranting equitable tolling).

4.

### §2255 CLAIMS

IV.

The Government denies each and every allegation of fact made by Vera except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

V.

### ALLEGATIONS

Vera alleges his constitutional rights were violated in two regards:

    a.    His disparate treatment he receives by virtue of his alien status represents an equal protection violation.

    b.    His trial counsel was ineffective in failing to seek a downward sentencing adjustment due to the collateral consequences of his conviction and confinement.

## VERA'S BURDEN

Vera's first hurdle is that of "cause and prejudice". *United States v. Frady*, 456 U.S. 152, 102 S.Ct. 1584 (1977)(holding "plain error" incorrect standard for §2255and requiring "cause and prejudice" standard). Vera must first show cause that would excuse his failure to raise this claim on direct appeal and actual prejudice from the error that he now alleges. The motion should be denied and dismissed under Rule 8(a) of the rules foll. 28 U.S.C. §2255 inasmuch as he offers insufficient cause and prejudice for obtaining review on collateral attack. *See, e.g., United States v. Shaid*, 937 F.2d 228, 231-232 & n.7 (5th Cir. 1991) (en banc) (constitutional or jurisdictional issue reviewable for first time on collateral attack only if the movant demonstrates cause for his procedural default and actual resulting prejudice or that the uncorrected error would result in a complete miscarriage of justice).

An allegation of "miscarriage of justice" warrants collateral review where a constitutional violation has alleged to have caused the conviction of one innocent of the crime. *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 1470 (1991); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 2643 (1986). "The 'cause' standard requires [the movant] to show that 'some objective factor external to the

defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (quoting *Romero v. Collins*, 961 F.2d 1181, 1183 [5th Cir. 1992] which in turn quotes *Murray*, 477 U.S. at 488, 106 S.Ct. at 2645). "Objective factors that constitute cause include: (1) interference by officials that makes compliance with the procedural rule impracticable; (2) a showing that the factual or legal basis for the claim was not reasonably available to [the Petitioner] at the prior occasion; and (3) ineffective assistance of counsel in the constitutional sense." *Id.* Vera proffers no cause or explanation why he failed to bring the instant claims on direct appeal, although Vera does "ineffective assistance" of counsel. Vera argues that his attorney should have realized he was eligible for downward departure due to his prospective deportation and collateral consequences of his imprisonment.

"Ineffective assistance", if demonstrated, may satisfy the "cause" prong of his burden. Vera alleges that he suffered "prejudice" as a result, in that his counsel's failure to move for downward departure based upon his prospective deportation resulted in a greater sentence than he would have received. And finally, that the collateral consequences of his incarceration will result in longer incarceration than a U.S. citizen would receive.

To avoid the consequences of a dismissal by applying the fundamental-miscarriage-of-justice exception to Rule 9(b) foll. 28 U.S.C. §2255, a movant must demonstrate, as a factual matter, that he did not commit the crime of conviction.

*Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 861, 867 (1995); *Ward v. Cain*, 53 F.3d 106, 107 (5th Cir. 1995) (citing *Schlup*). Stated differently, the movant must demonstrate that the failure to consider his claim will result in his continued incarceration though innocent. *See Saahir v. Collins*, 956 F.2d 115, 120 (5th Cir. 1992); *United States v. Espinoza*, 82 F.3d 640, 642 (5th Cir.1996) (citing *Saahir*). Veradoes not allege he is innocent. He, therefore, fails the "prejudice" prong of his "cause and prejudice" burden. This pleading is more rather a request to grant a downward departure due to the collateral consequences of his conviction and confinement.

A.   INEFFECTIVE ASSISTANCE TO SATISFY THE "CAUSE" PRONG

   1. Legal Principles Governing Ineffective Assistance.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega*, 528 U.S. 470, 471, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume

that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

In order to succeed on this claim, Vera must establish that trial counsel's actions, "fell below an objective standard or reasonableness" and that 'but for' such unprofessional errors the outcome would have been different. *United States v. Samples*, 897 F.2d at 196. Vera fails in both regards.

To prevail on his claims, Vera must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end, the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable". *Id.* at 690.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039 (1984).

    a. <u>At the plea stage</u>.

"Effective assistance" requires counsel to provide meaningful advice on the facts and law applicable to a plea agreement. *United States v. Hodges*, 259 F.3d 655, 659 (7th Cir. 2001); *United States v. French*, 719 F.2d 387, 389 (11th Cir. 1983). "While it need not be errorless, counsel's advice must be within the realm of competence demanded of attorneys representing criminal defendants". *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993). In the context of a guilty plea, Vera must demonstrate that, but for counsel's errors, he would not have plead guilty and would have gone to trial. *Id.* citing *Hill*, 474 U.S. at 59.

b. <u>Sentencing errors</u>

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 843-844 (1993); *Goodwin v. Johnson*, 132 F.3d 162, 174 (5th Cir. 1997).

Even if Vera demonstrates that his counsel provided constitutionally infirm representation, Vera must also demonstrate prejudice. Although Vera need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a

minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, 203, 121 S.Ct. 696, 700 (2001).

B.   <u>VERA'S INEFFECTIVE ASSISTANCE CLAIMS</u>

Vera's "ineffective assistance" claims is premised on an unsupported or incorrect claim.

14.   <u>Eligibility for downward departure due to prospective deportation and collateral consequences of imprisonment</u>.

Vera alleges "ineffective assistance" in his trial counsel failing to obtain a downward departure for being subject to deportation and for the collateral consequences of conviction particular to aliens. However, deportability is not a viable justification for a downward departure. *United States v. Navarro*, 218 F.3d 895, 898 (8th Cir. 2000).

The issue of an alien's eligibility for a downward departure due to collateral consequences, was decided by the Fifth Circuit eight years prior to Vera's conviction in *United States v. Nnanna*, 7 F.3d 420 (5th Cir. 1993). The Fifth Circuit does not now, nor has it ever sanctioned such downward departures. Although the categorical prohibition against downward departures for "ineligibility for more lenient conditions of imprisonment, that an alien may incur" espoused in *Nnanna* has been tempered by the holding *Koon*, which mandates a case-specific analysis, Vera failed to demonstrate that his circumstances were "meaningfully atypical" to

13

remove him from the heartland. *Id.* at 422; *United States v. Lopez-Salas*, 266 F.3d 842, 2001 WL 1081108 (8th Cir. 2001)(the fact a deportable alien may be subject to some increases in the severity of the conditions of confinement alone is not sufficient to make his case atypical or unusual); *United States v. Maldonado*, 242 F.3d 1, 5 (1st Cir. 2001)(a deportable alien who commits a crime is still within the "heartland", departure must be based upon additional case-specific findings which made the case unusual); *United States v. Zeledon*, 2001 WL 770985 (N.D. Tex. 2001); *United States v. Navarro*, 218 F.3d at 897-898 (more secure conditions of confinement consequence of deportability which is a consequence of defendant's commission of crime under illegal immigration status); *United States v. Bautista*, 258 F.3d 602, 607 (7th Cir. 2001)(circumstances not extraordinary enough to justify downward departure); *United States v. Guzman*, 236 F.3d 830, 834 (7th Cir. 2001)(although departure may be appropriate under extraordinary circumstances, typical variance in conditions of confinement between deportable aliens and citizens "not great"),...: Although it is true than under *United States v. Koon*, 518 U.S. 81, 116 S.Ct. 2035 (1996), circuit courts may no longer categorically proscribe a basis for departure, the departure sought by Vera must fail as they do not fall outside the "heartland". As 18 U.S.C. §3624(c) prohibits the assignment of aliens to halfway houses, it is presumed that the United States Sentencing Commission considered the "statutory and regulatory structures upon which an informed sentencing treatment of immigration offenses significantly

depended." *United States v. Clase-Espinal*, 115 F.3d 1054, 1057 (1st Cir. 1997); *United States v. Angel-Martinez*, 988 F.Supp. 475, 484 (D.N.J. 1997). A §2255motion cannot substitute for his failure at sentencing to seek a downward departure. *United States v. Payne,* 99 F.3d 1273, 1281-1282 (5th Cir. 1996); *Garcia v. United States*, 1998 WL 37515 (S.D.N.Y. 1998).

As the premises upon which Vera's instant complaint is based has no legal support, Vera's counsel's performance can not be shown to be deficient under *Strickland.* As Vera has failed to demonstrate he was eligible for the alleged departure, he can show neither "cause" nor "prejudice" by his attorney's "failure" to take such action. Further, Vera does not allege he is innocent. He therefore fails the 'miscarriage of justice' test.

VII.

### SUBSTANTIVE CLAIMS

1. <u>Collateral consequences of imprisonment of illegal aliens represents a violation of the Equal Protection clause.</u>

Vera argues that, as illegal aliens are ineligible for various beneficial prison programs, such as halfway house assignment, educational programs, etc., therefore, this disparate treatment represents a violation of the Equal Protection clause. Such claim relates to the manner in which Martinez's sentence is served

15

and is not cognizable under 28 U.S.C. §2255. *United States v. Acevedo*, 7 Fed.Appx. 850, 2001 WL 280485 (10th Cir. 2001).

It is irrelevant that United States citizens are otherwise eligible for these programs, unless the statutory scheme is considered to create a classification based on alienage. See, e.g., *Graham v. Richardson*, 403 U.S. 365, 370-372, 91 S.Ct. 1848 (1971)("Aliens as a class are a prime example of a 'discrete and insular minority [see *United States v. Carolene Products Co.*, 304 U.S. 144, 152-153, n. 4, 58 S.Ct. 778 (1938)] for whom such heightened judicial solicitude is appropriate; "thus restricting welfare benefits on basis of alienage unconstitutional). However, there is a distinction between statutes which classify based on alienage and statutes which classify based on criminal actions. Given Congress' plenary power over immigration, imposing different rules on immigrants versus citizens does not in itself create a suspect classification. *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S.Ct. 1473 (1977) (power to expel aliens is a fundamental sovereign attribute exercised by political departments of government and largely immune from judicial control); see also *Plyer v. Doe.* 457 U.S. 202, 223-225, 102 S.Ct. 2382 (1982)("undocumented aliens cannot be treated as a suspect class because their presence in this country in violation of federal law is not a 'constitutional irrelevancy.'... it is 'a routine and normally legitimate part' of the business of the Federal Government to classify on the basis of alien status ... and to 'take into account the character of the relationship between the alien and this

country ." '). Collateral consequences of imprisonment, distinguishing between aliens and citizens, is a rational application of this policy. *United States v. Adelke*, 968 F.2d 1159, 1160-1161 (11th Cir. 1992). Accordingly, there is no basis for Vera's Equal Protection argument.

## VIII.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Vera's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

                Respectfully submitted,

                MICHAEL T. SHELBY
                United States Attorney

                */s/ Mark M. Dowd*
                Mark M. Dowd
                Assistant U.S. Attorney
                600 E. Harrison, # 201
                Brownsville, Texas 78520
                Texas Bar No. 06070500
                Federal I.D. No. 9314
                (956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the Government's Answer, Motion for Dismissal Under 8(a) of the Rules Foll. 28 U.S.C. §2255, or in the Alternative, Motion for Summary Judgment was mailed via Certified Mail, Return-Receipt Requested to Hioloito Vera-Osorio, No. 94312-079, Eden Detention Center, P.O. Box 605, Eden, Tx., 76837-0605 on this the /6_ day of April, 2003.

MARK M. DOWD
Assistant U.S. Attorney