7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 2 8 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| HIPOLITO VERA-OSORIO, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-221 |
| | § | CRIMINAL NO. B-00-396 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Hipolito Vera-Osorio has filed an untimely 28 U.S.C. § 2255 Application to Vacate, Set Aside or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On October 18, 2000, Petitioner pleaded guilty without a plea agreement to illegal reentry after deportation, 8 U.S.C. § 1326(a) & (b). Petitioner received a 16-level increase in his guideline score for a prior aggravated felony. After adjustments, his guideline level was 21 and he possessed a criminal history level of II. On January 30, 2001, the District Court sentenced Petitioner to forty-one (41) months incarceration. The judgment was entered on February 13, 2003.

Petitioner Vera-Osorio did not file a direct appeal, therefore his conviction became final on February 26, 2001. On November 12, 2002, Petitioner filed this 28 U.S.C. § 2255 Application for Relief.

1

## ALLEGATIONS

Petitioner claims that his constitutional rights were violated in two ways: (1) the disparate treatment he receives by virtue of his alien status represents an equal protection violation, and (2) his trial counsel was ineffective in failing to seek a downward sentencing adjustment due to the collateral consequences of his conviction and confinement.

## ANALYSIS

Petitioner Vera-Osorio filed the instant federal petition for writ of habeas corpus on November 12, 2002. As such, his petition is subject to review under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[1] The AEDPA provides a one-year limitation period for filing federal habeas corpus petitions. The provisions of 28 U.S.C. § 2255 set forth four different scenarios that start the running of the one-year limitations period:

The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[2]

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

[2] See 28 U.S.C. § 2255.

The record does not reflect that any unconstitutional "governmental action" impeded Vera-Osorio from filing for federal habeas corpus relief prior to the end of the limitations period.[3] In addition, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[4] Furthermore, Vera-Osorio has not shown that he could not have discovered the factual predicate of his claims until a date subsequent to the date his conviction became final.[5] Accordingly, the latest date (the date the limitations period should begin to run), is the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.[6]

In this case, Vera-Osorio's conviction became final when the time for filing a notice of appeal expired (ten days after the sentence was imposed), on February 26, 2001.[7] Therefore, Petitioner had until February 26, 2002, to file a timely § 2255 petition. Petitioner actually filed his § 2255 petition on November 12, 2002; thus, it should be dismissed as time barred.

## RECOMMENDATION

For the reasons set forth above, Petitioner's 28 U.S.C. §2255 Petition for Habeas Corpus Relief should be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[3] Id.

[4] Id.

[5] Id.

[6] Id.

[7] FED. R. APP. P. 4(b)(1).

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[8]

DONE at Brownsville, Texas, this 28th day of April, 2003.

*Felix Recio*
United States Magistrate Judge

---

[8] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HIPOLITO VERA-OSORIO,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-02-221 |
| | § | CRIMINAL NO. B-00-396 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2255 is hereby DENIED.

DONE at Brownsville, Texas this _____ day of _____, 2003.

_____
Hilda Tagle
United States District Judge